# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

NICOLAS DISMUKE,     )
            )
    Plaintiff,    )
            )
   v.        )    No. 4:17-CV-1349 SPM
            )
ST. LOUIS COUNTY JUSTICE CENTER,  )
et al.,           )
            )
    Defendants.   )

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $3.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

### The Complaint

Plaintiff brings this action against the St. Louis County Justice Center ("SLCJC"), Lieutenant Unknown Porter, and Lieutenant Unknown Mitchell. Plaintiff says defendants Porter and Mitchell placed him in handcuffs and then hit him several times in the face, head, neck, and back, injuring him. He also says the handcuffs were too tight and that his wrists were injured.

Plaintiff sues defendants in both their individual and official capacities.

### Discussion

The complaint states a plausible claim for relief against defendants Porter and Mitchell in their individual capacities. Therefore, the Court will direct the Clerk to serve process on these defendants.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, plaintiff's claims against defendants in their official capacities fail to state a claim upon which relief can be granted.

Plaintiff's claim against SLCJC is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $3.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendants Lieutenant Unknown Porter and Lieutenant Unknown Mitchell.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant St. Louis County Justice Center is **DISMISSED**.

So Ordered this 6th day of July, 2017.

_____

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).