# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NICOLAS DISMUKE, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17-CV-1349 SPM |
| ST. LOUIS COUNTY JUSTICE CENTER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

In this prisoner civil rights case, defendants Lieutenant [Unknown] Porter and Lieutenant [Unknown] Mitchell move for summary judgment on the ground that plaintiff failed to properly exhaust available administrative remedies. Plaintiff has not responded to the motion, and the time for doing so has passed. For the following reasons, the Court will grant defendants' motion and enter judgment in their favor.

### Standard

Rule 56(c) provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).

Once the moving party has met his burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). *Anderson*, 477 U.S. at 257; *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**Background**

Plaintiff brings this § 1983 action, alleging that on February 27, 2017 while he was an inmate at the St. Louis County Justice Center, Lieutenants Porter and Mitchell placed him in handcuffs and then hit him several times in the face, head, neck, and back, injuring him. Plaintiff also alleges his wrists were injured when defendants placed his handcuffs too tight. The Court has previously dismissed defendant St. Louis County Justice Center and all claims brought in defendants' official capacities.[1]

Defendants Porter and Mitchell move for summary judgment on plaintiff's remaining claims against them in their personal capacities. Defendants state plaintiff did not exhaust his administrative remedies, and they are entitled to summary judgment. Plaintiff did not respond to defendants' motion.

---

[1] On July 26, 2017, plaintiff filed a motion to reconsider this order of partial dismissal, which the Court will deny. [Doc. 31]

(2)

## Discussion

Before a prisoner can file suit under 42 U.S.C. § 1983, he must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e(a). Exhaustion requirements are determined by the jail or prison where the prisoner is confined rather than by federal law. *See Jones v. Bock*, 549 U.S. 199, 218 (2007); *Harmon v. White*, -- F. App'x --, 2017 WL 4816701 (8th Cir. Oct. 25, 2017) (per curiam) (affirming dismissal for inmate's failure to fully exhaust administrative remedies); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (an inmate must exhaust all available administrative remedies before filing suit; "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

In support of their motion for summary judgment, defendants have submitted a copy of the St. Louis County Department of Justice Services Inmate Handbook. Defendants have also submitted the affidavit of May Stern, Corrections Case Manager of St. Louis County Department of Justice Services. Ms. Stern states that all inmates receive a copy of the Inmate Handbook when they enter the St. Louis County Justice Center. "Pursuant to policy, custom, and practice, [plaintiff] was given a copy of the . . . [Inmate] Handbook for his use."

Page fifteen of the Inmate Handbook addresses inmate grievances. Under the policy of the St. Louis County Justice Center, the administrative grievance procedure is initiated by filling an Inmate Grievance within five days of the alleged incident. If an inmate is dissatisfied with the response to an Inmate Grievance, the inmate may file a Grievance Appeal within three days of receiving a response to the Inmate Grievance.

Ms. Stern states that her job responsibilities include working with inmates to address their needs and accepting grievances. Ms. Stern was plaintiff's Case Manager on February 27 and 28, 2017, when the alleged incident occurred. Ms. Stern states that she does not recall receiving a

grievance from plaintiff regarding defendants' conduct, and that if she had received a grievance from plaintiff in February or March, 2017, she would have placed it in Jerry Kramer's mailbox or handed it to him personally.

In support of their motion for summary judgment, defendants also have attached an affidavit of Gerard (Jerry) Kramer, plaintiff's Housing Unit Manager between February 14, 2017 and March 26, 2017. One of Mr. Kramer's job responsibilities is to accept and respond to inmate grievances. He receives grievances directly from inmates, from Corrections Case Managers, and through the mail. Mr. Kramer states that he never received a grievance from plaintiff about defendants; Corrections Case Manager May Stern never gave him a grievance from plaintiff about defendants; and he did not find a grievance in his mailbox from plaintiff about defendants. Additionally, Mr. Kramer has access to the computer system where all inmate grievances are filed. He has checked the computer system, and found no grievance related to defendants' alleged conduct on February 27 or 28, 2017. He found other grievances filed by plaintiff about different situations, but nothing about the alleged incident on February 27, 2017.

Plaintiff has not responded to defendants' motion for summary judgment, and the time for doing so has passed. In his complaint, plaintiff checked the box indicating that he had filed an inmate grievance regarding the alleged incident. He states, "A grievance was written and turned in to the Case Manager on the 8th floor. No response was ever given back to me."

The Court concludes that plaintiff has not created an issue of disputed fact. As the non-moving party, plaintiff may not rest on the allegations of his pleadings, but must set forth specific facts, by affidavit or other evidence, showing an issue of disputed fact. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 257. Plaintiff has not set forth any facts or evidence showing that a genuine issue of material fact exists. He did not respond to defendants' affidavits from Ms.

Stern and Mr. Kramer. He has done nothing to dispute defendants' summary judgment evidence that he received the inmate handbook and did not file an inmate grievance. The only evidence the Court has from plaintiff regarding an inmate grievance, is the checked box on his prisoner form complaint, and plaintiff's statement that "[a] grievance was written" and turned into an unidentified case manager.

"A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Settle v. Ross*, 992 F.2d 162, 163 (8th Cir. 1993) (per curiam). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonable find for the plaintiff." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Once defendants move for summary judgment, plaintiff has to "go beyond the pleadings and . . . designate specific facts showing that there [was] a genuine issue for trial." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotations omitted)).

In failing to respond to defendants' statement of uncontroverted material facts, plaintiff is deemed to have admitted these facts, including that he did not file an inmate grievance regarding the alleged incident. *See* E.D. Mo. Local Rule 4.01(E) ("All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."). Based on the uncontroverted facts, the Court finds that plaintiff has not exhausted available administrative remedies with respect to his claims against defendants. The Court will grant defendants' motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the Court's Order of Partial Dismissal is **DENIED**. [Doc. 31]

**IT IS FURTHER ORDERED** that defendants Lieutenant Unknown Porter and Lieutenant Unknown Mitchell's motion for summary judgment is **GRANTED**.  [Doc. 26]

An appropriate Judgment will accompany this Memorandum and Order

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of November, 2017.